1
2
3
4
5
6
7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTISTA RECORDS LLC, et al.,

11           Plaintiffs,              No. CIV S-05-1673 LKK EFB

12     vs.

13   ROSALIE ALICIA,

14           Defendant.         <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16         Plaintiffs' motion for entry of default judgment against defendant Rosalie Alicia

17   was before this court for hearing on November 15, 2006.  Thomas Kerr appeared on behalf of

18   plaintiffs.[1]  Defendant did not appear.  Upon review of the motion and the supporting documents,

19   the court issues the following findings and recommendations.

20   I. <u>BACKGROUND</u>

21         This case is proceeding upon the complaint filed by plaintiffs on August 19,

22   2005.  The complaint alleges that defendant infringed plaintiffs' various copyrighted sound

23   recordings by illegally downloading them from and distributing them on the Internet.  Defendant,

24

25         [1] The plaintiffs in this action are: Artista Records LLC, Motown Recording Company,
UMG Recordings, Inc., Virgin Records America, Inc., Interscope Records, BMG Music, Capitol
26   Records, Inc., Sony BMG Music Entertainment, and Elektra Entertainment Group, Inc.

1   who was personally served with a copy of the complaint and summons on August 25, 2006, has

2   failed to respond or otherwise appear in the action.  The Clerk entered default on October 4,

3   2005.

4          Plaintiffs moved for entry of default judgment on November 16, 2005, which the

5   assigned magistrate judge denied without prejudice due to plaintiffs' failure to prove up the

6   allegations of the complaint.[2]  Specifically, the court pointed to the lack of evidence connecting

7   the named defendant to the alleged acts of infringement.  The court also noted that the attorney's

8   declaration in support of the motion failed to aver that the defendant is not a minor.

9          Plaintiffs renewed the motion for entry of default judgment, with attached

10  exhibits.  The undersigned finds that plaintiffs have succeeded in curing the defects of the prior

11  motion.  That is, in the supporting declaration provided by Mr. Kerr, it is established in specific

12  detail how plaintiffs identified defendant and established her infringing activity.  *See* Motion for

13  Entry of Default Judgment, Declaration of Thomas Kerr in Further Support of Motion for

14  Default Judgment Against Defendant Rosalie Alicia ("Kerr Decl."), at ¶¶ 3-9.  Furthermore, Mr.

15  Kerr averred that defendant is not a minor, and that she is neither incompetent nor in military

16  service.  Kerr Decl., at ¶¶ 15-16.

17  II.  DISCUSSION

18          A.     Standard

19          Pursuant to Federal Rule of Civil Procedure 55 (a), the court clerk is required to

20  enter default when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P.

21  55(a).  In this case, default was established by plaintiffs and entered by the clerk on October 4,

22  2005.  Now before the court is plaintiffs' application for entry of default judgment against

23  defendant pursuant to Fed. R. Civ. P. 55(b)(2).  It is within the sound discretion of the district

24  court to grant or deny a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

25  ─────────────────

26          [2] This case was reassigned to the undersigned on August 29, 2006.

1   1980).  In making this determination, the court considers the following factors:

2          (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
           substantive claim, (3) the sufficiency of the complaint, (4) the sum of
3          money at stake in the action, (5) the possibility of a dispute concerning the
           material facts, (6) whether the default was due to excusable neglect, and
4          (7) the strong policy underlying the Federal Rules of Civil Procedure
           favoring decisions on the merits.
5

6   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

7          B.  Analysis

8          The first *Eitel* factor weighs in plaintiffs' favor.  Plaintiffs would be prejudiced if

9   default judgment were not granted because they would be denied the right to judicial resolution

10  of the claims presented, and would be without other recourse for protection of their intellectual

11  property rights.

12         The second and third factors also weigh in plaintiffs' favor.  As a general rule,

13  once default is entered, the factual allegations of the complaint are taken as true, except for those

14  allegations relating to the damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18

15  (9th Cir. 1987) (citations omitted).   Here, the facts as plead by plaintiffs establish a prima facie

16  case for copyright infringement.

17         To prevail on a claim for copyright infringement, plaintiff must establish

18  ownership of a valid copyright and unauthorized copying of original elements of the work by the

19  defendant.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiffs

20  have alleged ownership of valid copyright registrations in the sound recordings that defendant

21  allegedly downloaded illegally from the Internet.  *See* Complaint ("Compl."), at ¶ 15, 17;

22  Compl., Exhibits A-B.   Plaintiffs have also alleged unauthorized reproduction and distribution

23  of the protected works.  Compl., at  ¶ 17.  The complaint is sufficiently plead and states a viable

24  claim for copyright infringement.  Thus, the second and third *Eitel* factors weigh in favor of

25  granting the default judgment.

26  ////

3

The fourth *Eitel* factor, the sum of money at stake, does not clearly weigh in either party's favor.  While plaintiffs have certainly suffered some monetary loss by virtue of defendant's unauthorized reproduction and distribution of plaintiffs' copyrighted sound recordings, plaintiffs need not prove those actual damages to recover the statutory damages they seek.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 1997).  Indeed, although plaintiffs allege that the injury suffered "cannot fully be compensated or measured in money," they do seek statutory damages as authorized by 17 U.S.C. § 504(c), in the amount of $8,250.00.  Compl., at ¶ 21; Motion for Entry of Default Judgment, at 8:16.  Defendant certainly stands to suffer by having a judgment in this amount entered against her, but plaintiffs have quite reasonably sought only the minimum amount of damages allowed by the statute.  On balance, this factor appears to weigh in favor of granting default judgment.

With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiffs' favor since defendant has failed to make any appearance in this case even though she was served with the complaint and summons and received notice of the application for entry of default judgment.  Such failure cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment.  The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendants' failure to appear or respond to plaintiffs in any way, this factor does not preclude an entry of default judgment.  *Id.* at 393.  Thus, on balance, the factors weigh in favor of granting plaintiffs' motion for entry of default judgment.

C. <u>Remedies</u>

Plaintiffs seek statutory damages in the amount of $8,250.00, a permanent injunction and an award of costs in the amount of $250 for filing fees.  Plaintiffs do not seek attorneys' fees.

### 1. <u>Injunction</u>

Plaintiffs seek an injunction in the following form to enjoin defendant's wrongful conduct:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Motion for Entry of Default Judgment, at 8:20-28.

Federal copyright laws authorize injunctive relief for copyright infringement. *Elektra Ent. Group, Inc.*, 226 F.R.D. at 393 (citing 17 U.S.C. § 501, 502(a)).  "A court may order a permanent injunction 'to prevent or restrain infringement of [the owner's] copyright.' Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction."  *Sega Enterprises Ltd. v. Maphia*, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding that access to equipment that allowed defendant to continue to illegally download and distribute game programs constituted a threat of continued violation); *see also*, *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065,

1073 (D. Ariz. 2006) (granting a permanent injunction upon entry of default judgment against

defendant in a copyright infringement action).

Here, as discussed above, plaintiffs have established defendant's liability for

copyright infringement.  Furthermore, in proving up their claim, plaintiffs have established

defendant's access to the online media distribution system through which the infringement

occurred.  Infringement by such means exposes plaintiffs to "massive, repeated, and worldwide

infringement" of their copyrighted sound recordings.  *Twentieth Century Fox Film Corp.*, 438 F.

Supp. 2d at 1073.  ("When digital works are distributed via the internet, as in this case, every

downloader who receives one of the copyrighted works from Defendant is in turn capable of also

transmitting perfect copies of the works. Accordingly, the process is potentially exponential

rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting *A

& M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001)).  Monetary damages

cannot adequately compensate this widespread infringement.

Finally, defendant's failure to respond to this lawsuit suggests an indifference to

the unlawful nature of her infringing activity.  Accordingly, based on the foregoing, this court

finds that the requested injunctive relief is appropriate and recommends that it be granted.

2. Statutory Damages

Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c)

provides for an award of statutory damages in a sum of not less than $750 or more than $30,000

for each infringement as the court considers just.  Moreover, pursuant to 17 U.S.C. § 504(c)(2), a

court has discretion to increase the award of statutory damages to $150,000 per infringement

where an infringer's conduct is found to be willful.  "Statutory damages are particularly

appropriate in a case . . . in which defendant has failed to mount any defense or to participate in

discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson

v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

////

1    Here, plaintiffs seek the minimum amount ($750) for each alleged act of

2 infringement (eleven in total), for a total of $8,250.00.  Motion for Entry of Default Judgment, at

3 2:3-7;  Compl., Ex. A.  Defendant's conduct appears to have been willful and the court finds that

4 the amount of statutory damages sought by plaintiffs is reasonable.

5              3.  Costs

6    Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full

7 costs and reasonable attorney fees" in cases of copyright infringement.  17 U.S.C. § 505.  Here,

8 plaintiffs seek costs in the amount of $250.00 for filing fees.  Pursuant to Local Rule 54-292,

9 however, motions for costs are to be filed within 10 days of the entry of final judgment.

10 Accordingly, although the issue of costs is not presently before the court, the court recommends

11 that plaintiffs request for an award of costs in the amount of $250.00 be granted.

12 III. CONCLUSION

13    In light of the foregoing findings this court hereby RECOMMENDS that

14 plaintiff's application for entry of default judgment be granted.  The court further

15 RECOMMENDS that a permanent injunction be granted against defendant as specified herein,

16 and that plaintiffs be awarded statutory damages in the amount of $8,250.00, and costs in the

17 amount of $250.00.

18    These findings and recommendations are submitted to the United States District

19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

20 (10) days after being served with these findings and recommendations, any party may file written

21 objections with the court and serve a copy on all parties.  Such a document should be captioned

22 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23 shall be served and filed within ten (10) days after service of the objections.  The parties are

24 ////

25 ////

26 ////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:   November 28, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE